IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NATHAN MAHSEELAH,<br><br>Plaintiff,<br><br>vs.<br><br>MR. MCTIGHE, MS. POWELL, MR. MADRID, MS. ALSTEAD, MR. MONTGOMERY, MR. DELELLA, MR. TROMBLEY, MR. BIRKEBILE, MR. NELSON, MR. VINES, MR. JOHNSON, MR. MORHARDT, and MR. WIRSCHING,<br><br>Defendants. | CV 21-0064-GF-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES OF MAGISTRATE JUDGE |

On November 17, 2021, Plaintiff Mahseelah filed an Amended Complaint. (Doc. 11.) On December 20, 2021, the Amended Complaint was served on the Defendants. (Doc. 12.) Subsequently, Plaintiff filed a motion requesting that he be allowed to amend his complaint to include a request for monetary damages. See, (Doc. 13.) Defendants Alstad and Trombley have filed a partial motion to dismiss the claims filed against them, in their official capacities, seeking injunctive relief. (Doc. 18.) Each will be addressed in turn.

//

1

### i. Motion to Amend

In the initial complaint filed in this matter, Plaintiff sought "declaratory judgment, injunction, money damages, punitive damages, so the defendants stop lying, to deny the Native American prisoners (in CCA, Shelby, MT) our religious ceremonies (sweat lodge) and set an example to discourage staff from acting illegally in the future." See, (Doc. 2 at 5.)  In his Amended Complaint, Plaintiff does not specify the relief sought.  See, (Doc. 6 at 14.)  Following the filing of his Amended Complaint, Plaintiff filed a motion seeking to amend the portion of his Complaint relative to the remedies sought.  (Doc. 13.)  Specifically, Plaintiff advised he is "seeking monetary relief in the amount that would be entitled to Plaintiff [upon] receiving a favorable judgment." *Id*. at 1.  Plaintiff further advises he is attempting to learn the Court's procedures as he proceeds pro se and requests the court exercise "the rule of pro se interpretation" to him. *Id*.

Defendants have not objected to Plaintiff's motion.  The Court finds the request to be reasonable. The motion for amendment to the Amended Complaint, to include a request for relief for monetary damages, will be granted.

### ii. Partial Motion to Dismiss

As set forth above, Defendant Alstad and Defendant Trombley have filed a partial motion to dismiss.  (Doc. 18.)  Defendant Alstad and Defendant Trombley are employed by the Montana Department of Corrections, whereas the remaining

defendants are CoreCivic employees. Defendants Alstad and Trombley seek to dismiss only Plaintiff's request for injunctive relief against them in their official capacities. *Id*. Defendants state they have been sued only in their official capacities, not in their individual capacities. *Id*. at 5.

Plaintiff has filed no response to Defendants' partial motion to dismiss. As a preliminary matter, the Court would note that Plaintiff indicated he intended to sue Defendant Alstad in her official and individual capacity, see, (Doc. 11 at 4), and also to sue Defendant Trombley in both his official and individual capacity. *Id*. at 9.

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient. *Id*. The court must then consider whether the well-pled factual allegations state a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the allege misconduct. *Id*. A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged- but not shown- that the pleader is entitled

to relief" and must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Baker v. McCallan*, 443 U.S. 137, 144 n. 3 (1979). To state a claim under § 1983, a plaintiff must allege that (1) a person acting under the color of state law (2) violated a right secured to the plaintiff by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48-9 (1988). A defendant acts under color of law if he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 49.

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Instead, "a suit against a state official in his or her official capacity…is a suit against the official's offices. As such, it is no different from a suit against the State itself." *Id*. The Eleventh Amendment bars suit in federal court against a state and/or a state agency absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. See, *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997). Or put another way, the Eleventh Amendment insulates a state from suits for damages against official actors. See, *Will* at 67. "The rule is entirely different, however, when the suit is for injunctive

relief.  Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, at 71 n. 10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); see also, *Paeste v. Gov't of Guam,* 798 F. 3d 1228, 1236 (9th Cir. 2015).

Defendants Alstad and Trombley argue Plaintiff's § 1983 claim against them in their official capacities for injunctive relief fails for the following reasons: (i) the request is not ripe because Plaintiff has failed to establish the requested injunction would cure any actual, imminent, or likely invasion of a legally protected interest, (Doc. 19 at 5-10); (ii) the request fails to meet the standard for prospective relief set forth in the PLRA, *id*. at 10-11; and, (iii) Plaintiff failed to establish that he is entitled to injunctive relief under § 1983 against them in their official capacities. *Id*. at 11-13.

As set forth above, Plaintiff's Amended Complaint did not identify what relief he was seeking, while the Court will grant him leave to amend to include monetary damages, there is no mention of injunctive relief in the Amended Complaint.  Assuming he seeks the same general injunctive relief requested in the initial complaint- that is, to prevent Defendants from denying future sweat lodge ceremonies- there are several problems with Plaintiff's request.

5

Generally Defendants argue that Plaintiff's claim is not ripe and that this analysis mirrors that concerning Article III standing. See e.g., (Doc. 19 at 6-8.) Defendants assert that the case is merely a claim for damages based on an alleged occurrence of religious discrimination and that there is no basis to believe that such purported discrimination would continue in the future without the Court's issuance of injunctive relief. *Id*. at 8. This Court should grant Defendants' motion, but it need not address the merits of Defendants' present argument. It appears that Plaintiff lacks standing to seek injunctive relief and that his claim for injunctive relief is now moot.

"[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 185 (2000). A plaintiff may have standing to seek damages for past injury, but lack standing to seek declaratory or injunctive relief. *Mayfield v. United States*, 599 F. 3d 964, 969 (9th Cir. 2010); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Plaintiff is now incarcerated at a the lower-security Nexus program in Lewistown, MT, and not at Crossroads Correctional Center (CCC).[1] It is unclear exactly when Plaintiff was transferred, but it appears Plaintiff was incarcerated at CCC when this case was filed. To have standing, a plaintiff must

---

[1] See, Montana Department of Corrections Offender Network: https://app.mt.gov/conweb/Offender/3017894/ (accessed March 23, 2022).

show "he has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with 'a sufficient likelihood that he will again be wronged in a similar way.'" *Cantella v. State of Cal.*, 304 F. 3d 843, 852 (9th Cir. 2002)(citations omitted); *Nelsen v. King Co.*, 895 F. 2d 1248, 1250-1251 (9th Cir. 1990). There is no indication that upon completion of the Nexus program, Plaintiff will be returned to custodial incarceration at CCC. Thus, Plaintiff cannot show a real and immediate threat or demonstrate any possibility that he will be transferred back to Crossroads and be subjected to the acts of which he complains. See, *Nelsen*, 895 F. 2d at 1251.

Additionally, because it appears Plaintiff was transferred after this suit was filed, his claim for declaratory and/or injunctive relief is moot. Generally, when a prisoner-plaintiff is transferred to another facility, his claims for injunctive relief against the transferring facility become moot unless the suit is a class action. *Nelson v. Heiss*, 271 F. 3d 891, 897 (9th Cir. 2001); *Dilley v. Gunn*, 64 F. 3d 1365, 1368 (9th Cir. 1995). This matter is not a class action. Accordingly, the general rule that a transferred prisoner's claim for injunctive and declaratory relief are moot applies here.

Montana Department of Corrections Defendants Trombley and Alstad's partial motion to dismiss Plaintiff's claim for injunctive relief should be granted.

Accordingly, the Court issues the following:

## ORDER

Mr. Mahseelah's Motion to Amend the Amended Complaint (Doc. 13) is **GRANTED**.

## RECOMMENDATION

1. Defendant Trombley and Defendant Alstad's Partial Motion to Dismiss (Doc. 18) should be GRANTED and Plaintiff's claim for injunctive relief against these two Defendants in their official capacity should be DISMISSED.

2. At all times during the pendency of this action, Mr. Mahseelah must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Mahseelah may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of March, 2022.

>*/s/ John Johnston*
>John Johnston
>United Stated Magistrate Judge