# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| NATHAN MAHSEELAH,<br><br>               Plaintiff,<br>vs.<br><br>MR. MCTIGHE, MS. POWELL, MR. MADRID, MS. ALSTEAD, MR. MONTGOMERY, MR. DELELLA, MR. TROMBLEY, MR. BIRKEBILE, MR. NELSON, MR. VINES, MR. JOHNSON, MR. MORHARDT, and MR. WIRSCHING,<br><br>               Defendants. | **CV 21-64-GF-BMM-JTJ**<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Plaintiff Nathan Mahseelah ("Mahseelah") filed this action against several individual defendants under 42 U.S.C. § 1983. (Doc. 11.) Mahseelah alleged violations of his constitutional right to free exercise of religion and equal protection because Crossroads Correctional Center ("CCC"), the facility at which he was incarcerated, cancelled a religious sweat ceremony. (*Id.* at 4-5.) Defendants Alstad and Trombley have filed a partial motion to dismiss the claims filed against them, in their official capacities, seeking injunctive relief. (Doc. 18.) Magistrate

1

Judge Johnston issued Findings and Recommendations on April 1, 2022. (Doc. 20.) Magistrate Judge Johnston recommended that the Court grant Defendants' Partial Motion to Dismiss. (*Id.* at 8.)

Mahseelah subsequently moved to extend the deadlines in this case to allow him for more time to amend his Complaint. (Doc. 26.) Mahseelah wrote in that motion that he "object[s] to defendants Alstad and Trombley's request to partial motion to dismiss [sic], as I have indicated I wish to sue all defendants in their individual capacity and official capacity." (*Id.*) Mahseelah technically addresses this statement to Alstad and Trombley's motion, rather than Judge Johnston's recommendation that the motion should be granted. (*Id.*) The Court will nevertheless construe this as an objection to Judge Johnston's Findings and Recommendations, because Mahseelah acknowledges receipt of Judge Johnston's Findings and Recommendations in the same motion. (*Id.* (requesting an Amended Complaint form "in response to the order granted").)

The Court reviews de novo those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute

perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Mahseelah objects to Defendants' assertion that he is only suing them in their official capacities and not their individual capacities. (Doc. 26.) Mahseelah argues that he intended to sue them in both their individual and official capacities. (*Id.*) Mahseelah's argument makes no impact on the outcome of Judge Johnston's analysis, however, because Judge Johnston acknowledged the intended nature of Mahseelah's suit against Trombley and Alstad in his analysis already. *See* (Doc. 20 at 3 ("As a preliminary matter, the Court would note that Plaintiff indicated he intended to sue Defendant Alstad in her official and individual capacity, *see*, (Doc. 11 at 4), and also to sue Defendant Trombley in both his official and individual capacity. *Id.* at 9.").) The Court reviewed Magistrate Judge Johnston's Findings and Recommendations for clear error. The Court finds no error.

Accordingly, **IT IS ORDERED** that:

1. Magistrate Judge Johnston's Findings and Recommendations (Doc. 20) are **ADOPTED IN FULL**.

2. Defendant Trombley and Defendant Alstad's Partial Motion to Dismiss (Doc. 18) is **GRANTED** and Plaintiff's claim for injunctive relief against these two Defendants in their official capacity is **DISMISSED**.

3. At all times during the pendency of this action, Mr. Mahseelah must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**DATED** this 4th day of August, 2022.

_____

Brian Morris, Chief District Judge
United States District Court